IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATALIE L. ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-10-1146-L |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

**<u>REPORT AND RECOMMENDATION</u>**

Ms. Natalie Anderson applied for insurance benefits based on an alleged disability. *See* Administrative Record at pp. 86-88 (certified Jan. 7, 2011) ("Record"). The Social Security Administration rejected the claim,[1] and Ms. Anderson initiated the present action. In part, she alleges error in the judge's credibility analysis. The Court should reverse the administrative decision and remand the action for further findings on credibility.[2]

I.   STANDARD OF REVIEW

The Court must determine whether the Social Security Administration's decision is based on substantial evidence and the correct legal standard. *See Grogan v. Barnhart*, 399

---

[1]   Record at pp. 1-3, 10-17, 61-62.

[2]   Ms. Anderson also alleges a lack of substantial evidence to support the agency's assessment of residual functional capacity. But the Court need not consider this allegation in light of the suggested remand for further findings on credibility. *See infra* pp. 2-9; *see also Poppa v. Astrue*, 569 F.3d 1167, 1171 (10th Cir. 2009) ("A new determination on [the claimant's] credibility necessarily required reassessment of the [residual functional capacity].").

F.3d 1257, 1261 (10th Cir. 2005).  Reversal is necessary if the agency had failed "'to provide this court with a sufficient basis to determine that appropriate legal principles have been followed.'"  *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (*per curiam*; citations omitted).

II.     THE CREDIBILITY ANALYSIS

As alleged by the Plaintiff, the administrative law judge's credibility analysis was deficient.

> A.     Ms. Anderson's Subjective Complaints

In Ms. Anderson's written application and testimony, she complained of:

- irritable bowel syndrome which caused severe and sudden diarrhea at least twice weekly, difficulty concentrating on her job, anxiety, panic attacks, and problems with her daily activities,[3]

- an extra bone in her neck which caused pain and limited use of her neck and right arm and shoulder,[4]

- tingling in her spine,[5] and

- pain in her legs, feet, ankles, back, and wrists, which flared up approximately every three weeks, lasting for about three weeks and causing difficulties in the ability to sit, stand, walk, and lift.[6]

---

[3]     Record at pp. 37-39, 116.

[4]     Record at pp. 35-36, 116.

[5]     Record at p. 116.

[6]     Record at pp. 33-35.

B.     Duty to Evaluate the Plaintiff's Credibility

Based on these allegations, the administrative law judge had to decide whether he believed the Plaintiff's characterization of these conditions.[7] The credibility assessment required consideration of:

- Ms. Anderson's daily activities,

- the location, duration, and frequency of the pain and other symptoms,

- factors that precipitate and aggravate the symptoms,

- the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms,

- other treatment or measures to relieve the symptoms, and

- any other factors concerning the Plaintiff's functional limitations and restrictions due to the symptoms.[8]

The administrative law judge was not required to complete a "formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). Nevertheless, the judge had a duty to "closely and affirmatively link[]" his findings "to substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). In doing so,

---

[7]     *See Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987); Social Security Ruling 96-7p, *Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*, 1996 WL 374186, Westlaw op. at 1-2 (July 2, 1996).

[8]     *See Branum v. Barnhart*, 385 F.3d 1268, 1273-74 (10th Cir. 2004); Social Security Ruling 96-7p, *Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*, 1996 WL 374186, Westlaw op. at 3 (July 2, 1996).

the judge had to "give specific reasons for the weight given to the individual's statements."[9]

These reasons were to be "articulated in the determination or decision" and "be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight" given "to the individual's statements and the reasons for that weight."[10]

    C.    <u>The Administrative Law Judge's Analysis</u>

The judge recited the standard for evaluation of credibility and acknowledged some of Ms. Anderson's written statements. These statements reflected complaints involving:

- irritable bowel syndrome, causing emotional problems and severe and sudden diarrhea twice weekly,

- the extra bone in her neck which caused "irritation,"

- her inability to concentrate at work, and

- tingling in her spine.

Record at p. 16; *see id.* at p. 116.

After summarizing the allegations, the judge concluded:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

---

[9] Social Security Ruling 96-7p, *Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*, 1996 WL 374186, Westlaw op. at 4 (July 2, 1996).

[10] Social Security Ruling 96-7p, *Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*, 1996 WL 374186, Westlaw op. at 4 (July 2, 1996).

*Id.* at p. 16. The administrative law judge remarked that Ms. Anderson's allegations were inconsistent with her daily activities and had not been substantiated by the findings of the consultative examining physician and the treating physician. *Id.*

### D. The Administrative Law Judge's Failure to Adequately Explain His Credibility Assessment

The judge's explanation fails to address all of the Plaintiff's allegations. For example, the judge's credibility assessment was silent regarding Ms. Anderson's complaints involving pain in her legs, feet, ankles, back, and wrists, which flared up intermittently and caused difficulties in the ability to sit, stand, walk, and lift. *See supra* p. 2. As a result, the Court can only speculate about whether the administrative law judge had believed these allegations. The need for such speculation is fatal.[11]

The judge's explanation was also insufficient for the complaints acknowledged in the decision. For example, Ms. Anderson stated that her primary complaint involved irritable bowel syndrome. Record at p. 116. She added that this condition had led to "severe

---

[11] *See McGoffin v. Barnhart*, 288 F.3d 1248, 1254 (10th Cir. 2002) (holding that the administrative law judge had erred in failing to "explain and support with substantial evidence which of [the claimant's] testimony he did not believe and why"); *see also Pryce-Dawes v. Barnhart*, 166 Fed. Appx. 348, 349-50 (10th Cir. Feb. 2, 2006) (unpublished op.) (holding that the credibility analysis was deficient because the "[administrative law judge had] not specif[ied] [the] allegations he believed to be exaggerated" and the conflict that he found between the claimant's description and the medical evidence was "not obvious"); *accord Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) ("The [administrative law judge] must specify what testimony is not credible . . . .").

diarrhea" at least twice per week. *Id.* When asked how this condition affected her ability to work, Ms. Anderson stated:

> I have unexpected severe painful diarrhea, cramping. While helping someone and all of a sudden having diarrhea. I cant [sic] concentrate on work, worried about the next attack in a customer service situation. I have had accidents causing me to leave work abruptly.
>
> . . . .
>
> The attacks leave me bellowed over in a fetal position at times. I get tired and worn out, dehydrated from having diarrhea and worn out from not wanting to eat trying to avoid diarrhea.

*Id.*

Similarly, Ms. Anderson testified that she had diarrhea from irritable bowel syndrome and that the pills for this condition had resulted in painful constipation. *Id.* at p. 37.

These symptoms are typical of irritable bowel syndrome, as Jackie Wood, Ph.D. explained:

> Generalized symptoms of IBS are abnormal defecation and abdominal pain, both of which may be exacerbated by emotional stress. Abnormal defecation can be diarrhea or constipation, and a subgroup of IBS patients may alternate from one to the other over time. Urgency to stool often accompanies the diarrheal-state, and patients with the constipation-predominant form of IBS report straining and the feeling of incomplete evacuation.

Jackie Wood, Ph.D., *Neuropathophysiology of Irritable Bowel Syndrome*, J. Clin. *Gastroenterol* 511, 511 (2002) (footnote omitted).

The administrative law judge acknowledged a history of irritable bowel syndrome. Record at pp. 12-13; *see also id.* at p. 13 (noting Dr. Mills' assessment of a history of

irritable bowel syndrome). Nonetheless, the judge broadly discounted Ms. Anderson's written complaints partly on grounds that her "allegations" were unsubstantiated by the medical evidence. *Id.* at p. 16; *see supra* pp. 4-5.

The written decision does not explain how the administrative law judge had reached this conclusion. For example, in 2006, x-rays showed "extensive fecal stasis." Record at p. 269. Ms. Anderson also obtained treatment for irritable bowel syndrome on:

- July 30, 2001,[12]
- October 20, 2006,[13]
- December 21, 2006,[14]
- April 17, 2007,[15] and
- November 16, 2008.[16]

With this treatment, physicians prescribed diazapram and dicyclomine for the irritable bowel syndrome and related symptoms. *Id.* at pp. 125, 151.

In light of the evidence of extensive fecal stasis, ongoing treatment for irritable bowel syndrome, and prescriptions of medicine for the condition, the Court does not know why the administrative law judge regarded the allegations as unsubstantiated by the medical evidence.

---

[12]  Record at p. 236.

[13]  Record at p. 267.

[14]  Record at p. 262.

[15]  Record at p. 299.

[16]  Record at p. 217.

The ambiguity arises because the administrative law judge provided simply a conclusion (that the allegations were unsubstantiated) rather than an explanation for how he had arrived at this conclusion.

The Defendant argues that the administrative law judge had given "valid, supported reasons for discounting [the] Plaintiff's credibility." Brief in Support of Defendant's Administrative Decision Denying Disability Benefits to Plaintiff at p. 5 (July 6, 2011).

For this argument, the Defendant relies on:

- the Plaintiff's failure to seek treatment,

- her decision to continue working for ten years prior to the alleged onset date,

- the absence of an allegation regarding a worsening of the irritable bowel syndrome,

- the Plaintiff's denial of any side-effects from medication,

- a physical examination by Dr. Viktorya Mills, where the physician noted normal range of motion in the joints, normal sensation and coordination, and normal grip strength in the upper extremities, and

- a discussion of daily activities.

But the administrative law judge did not refer to any of this evidence when he discounted the Plaintiff's complaints. *See* Record at p. 13. As a result, the Court cannot rely on these justifications for the administrative finding on credibility.[17]

---

[17]  *See Haga v. Astrue*, 482 F.3d 1205, 1207-1208 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the [administrative law judge's] decision that are not apparent from the [judge's] decision itself." (citations omitted)); *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004) ("Affirming this post hoc effort to salvage the [administrative law judge's] decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process.").

E.  Summary

The administrative law judge was obligated to:

- consider the Plaintiff's testimony,

- explain whether he had deemed her credible, and

- link his explanation to specific evidence.

The judge did not comply with any of these requirements. For example, the decision contains no mention of the testimony about anxiety, panic attacks, and pain. And, while the judge appeared to discount some of the written allegations, he failed to link his rationale to specific evidence. These errors invalidate the credibility findings and require reversal.

III.  NOTICE OF THE RIGHT TO OBJECT

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C. § 636(b)(1) (2009 supp.). The deadline for objections is October 31, 2011. *See* Fed. R. Civ. P. 6(d), 72(b)(2). The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.[18]

IV.  STATUS OF THE REFERRAL

The referral is discharged.

Entered this 14th day of October, 2011.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[18]  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

9